Judge Logan
delivered the opinion of the court.
The appellees exhibited their bill to recover the surplus contained within the boundaries óf a piece of land, conveyed by their ancestor to the appellant, in March, 1788. The court below having decreed a re-conveyance of tile surplus, to be laid off on either side or end, at the election of the purchaser, he has appealed to this court.
The contract was made in ’85, and the land surveyed in ’86. The quantity sold was 185 acres, part of a larger tract; and the survey is now found to comprehend 215 acres. Eliot died nearly twenty years before the commencement of this suit, leaving infant heirs. And it does not appear that he had ever discovered that there had been a mistake in the execution of the survey, or an unusual excess in the quantity.
The first question Occuring for the consideration of this court, is, whether the complainants were entitled to relief? And 2d, if they were, wbat should have been the relief given?
Tbe sale was certainly a sale by the acre. A specified quantity, part of a larger tract, as described, without the insertion of the Words “be the same more or less,,’ or any other words indicating the slightest intention of any risk in the quantity, other than would result from the nature of the contract, and the usual excess or deficit, which might be expected.
This court has indulged the greatest liberality with respect to an excess or deficit, which might reasonably have been within the contemplation of the parties, as expressed in their deed. Good policy required that too easy an ear *344 should not be given in such cases; and that nothing but the clear right of the complainant, of which he had been deprived through fraud or palpable mistake, ought to induce interposition of the chancellor. There is, however, an °^v‘ous distinction between Sales by the acre, and sales ⅛ gross; as if á sale be of so many acres, part of a given tract; and of a particular tract described partly by its supposed quantity. This distinction is recognised and more fully expláined in the case of Young vs. Craig, 2 Bibb, 270.
In sales of the former description, more accuracy in ad-measurement is certainly within the contemplation of the parties. Indeed, in such cases, nothing but the great difficulty, if not impracticability, of producing, upon different experiments, precisely tile same result, could'justify the least variation from the exact quantity sold. For in every departure from the precise quantity there would, in that degree, be a variance from the contract. And it is the duty of a court to aid in the effectuation of contracts, as made .agreeably to their fair import and just stipulations; and Hot to indulge too far in substituting provisos arbitrarily as forming part of a contract, which is neither expressed! nor necessarily implied in the contract, and which indeed the mere suggestion thereof, in making the bargain, might have prevented its consummation. And as in the case of a deficit, the purchaser would, in that degree, feel himself injured; So in the instance of an excess the seller would experience a like injury, and both be equally entitled to the benefit of the contract as made, and to relief against fraudulent or mistaken departures therefrom.
Some allowance, however, must be made for the different results which will unavoidably be produced upon different experiments. And what should be the extent of that allowance will, perhaps, be more properly left to the circumstances of each case, according to the periods and reasonable usages when the contracts w'ere made. If the excess or deficit shall be too much for ordinary mistakes, or usual allowances, mistakes which might not reasonably be expected, the injured party ought to be relieved.
Here was a sale of a precise quantity of land for a given price; but in laying off that quantity, it is found that by mistake, about sixteen per cent has been added. If, instead of this excess, there had been a similar deficit, ought the purchaser to be thereby concluded, and all redress denied him? There must be some point for the correction *345 of such mistakes. In the present instance we apprehend the mistake was unreasonable, more than usual, and could not have been expected, and ought, therefore, 1o be corrected. See the case of Nelson vs. Matthews, and the cases there cited, 2 Hen. and Mum. 168. This court concurs, therefore, with the court below, that the present is a proper case for relief. But what should be the nature and extent of the relief, is the next enquiry proposed?
Tho’ the in„fanc,°oc! civs to 'ties will no.beat-tri ute ‘
Bibb for appellant, Wickiijfe for appellees.
We can perceive but little or no difficulty in responding to this enquiry, in the case before us. By the decree the purchaser is at liberty to lay off the surplus on hither side or end. Thefe is no circumstance Shewing that the decree will operate otherwise injuriously to the appellant than in the loss of the surplus By the contract he was entitled to a precise quantity: but he has obtained more than that quantity, and the addition of ordinary allowances for probable mistakes in admeasurement: so that in fact he acquired, .by this mistake, the land of the seller, with which we have, .from the deed, a right to presume he did not intend to part. Áttd there being no peculiar circumstances of hardship in the case, and the right of one, thus held by another, it of course presents no other question than the right to recover the surplus property of w'hich another has improperly acquired the possession. This court, therefore, concurs likewise in the nature and extetot of the decree.
The staleness of the demand onlyTor the special circumstances of the death of the seller, and infancy of his representatives, without a knowledge of (be mistake, might af ford a ground of defence. But under these circumstances, we think no inference can be drawn, of consent, which should operate to the prejudice of the appellees.
The decree must, therefore, be affirmed with cost.