ARTHUR CHOPPIN *v.* NEW ORLEANS AND CARROLLTON RAILROAD COMPANY.

*Employers are answerable for the damage occasioned by their servants, in the exercise of the functions in which they are employed.*

*Damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party.*

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *C. Roselius*, for defendant and appellant. *Durant & Hornor*, for plaintiff.

*Roselius for defendant.*—Lord Tenterden laid down the rule, in the case of Venderplank, *et al. v.* Miller, *et al.*, 22 English Common Law Reports, p. 280, as follows :

"If there was want of care on both sides, the plaintiffs cannot maintain their action ; to enable them to recover, the act must be attributable entirely to the fault of the crew of the defendant's vessel."

The Supreme Court of this State has recognized and applied this rule to every case of railroad collision or accident that has come before it. *Lesseps* v. *Pontchartrain R. R. Co.*, 17 L. R. p. 361. *Fleytas* v. *The Same*, 18 L. R. P. 339. *Hubgh* v. *Carrollton R. R. Co.*, 6 A. R. 496. *Damont* v. *same*, 9 A. R., 441. *Hill* v. *Opelousas R. R. Co.*, 11 A. R. p. 292. *Myees* v. *Percy, et al.*, 1 A. R. p. 374. *Carlisle* v. *Holton, et al.*, 3 A. R. p. 48. *Murphy* v. *Deamond*, 3 A. R. p. 441 *et seq.*

HYMAN, C. J.    Plaintiff claimed a judgment of $50,000 against defendant, the New Orleans and Carrollton Railroad Company, for damages suffered by him, from the culpable conduct of its servants.

The case was tried by jury, and verdict given in favor of plaintiff for twenty-five thousand dollars.

The District Judge rendered judgment in conformity with the verdict.

A new trial was refused, and defendant appealed.

We have carefully examined the evidence, and it discloses the following facts :

On the afternoon of the 19th August, 1860, plaintiff was passenger on a train of cars belonging to defendant. While the train, conveying plaintiff, was at rest, at Jackson street, a regular stopping place, the express train of the company, running on the same road, came down the track towards the aforesaid train, at a rate of speed highly dangerous, displaying, on the part of those in charge, a culpable disregard of human life. Both trains were filled with passengers. Before plaintiff could escape, a terrible collision took place—the express train was hurled with destructive force against the train at rest, breaking some of the cars, injuring plaintiff in a dreadful manner and killing a child in his arms, whom he was endeavoring to save. Plaintiff's young life was almost crushed out, his bones were broken, his leg had to be amputated, and he is now a miserable cripple. He has endured long months of physical suffering, was deprived of an employment, his only means of subsistence, because of inability, after his misfortune, to perform the work required. All these evils have come upon him, not by his fault or even imprudence, but

CHOPPIN
*v.*
N. O. & C. R. R. by the reprehensible acts and neglectful and careless conduct of the agents of the railroad company in running the train.

The company is responsible for the damage occasioned by their servants in the exercise of the functions in which they are employed. Civil Code, 2299.

Public carriers should take care of their passengers.

No exact computation can be made for damages due to plaintiff; and, in cases of this kind, much discretion is left to the judge or jury in the assessment of damages. Civil Code, 1928, § 3.

Considering the loss of plaintiff's employment, the painful nature of his wounds, the permanent character of his injuries, and his inability therefrom to perform such labors as before for his support, we conclude that the jury, in assessing the damages, did give such a reasonable sum as will really compensate plaintiff.

Judgment affirmed.

JONES, J., absent.

HOWELL, J., recused.