11b 495
92 381
93 659
11bu495
114 752
11bu 495
d122 620

CASE 43—PETITION ORDINARY—Nov. 2.

## L. & N. R. R. Co. v. Fox.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. EVIDENCE THAT OTHER PARTS OF THE ROAD WERE IN BAD CONDITION was inadmissible in this action for damages resulting from a railroad accident caused by a broken rail in the track.
2. EVIDENCE OF NEGLIGENCE WHICH COULD NOT HAVE CONTRIBUTED TO THE ACCIDENT or injury complained of, was clearly inadmissible.
3. THE COURT PROPERLY MODIFIED AN INSTRUCTION, asked by one party, which was unobjectionable so far as it went, by adding thereto the converse of the propositions embodied therein.

4. "Excessive damages, appearing to have been given under the influence of passion or prejudice," is a good ground for the reversal of the order of an inferior court overruling a motion for a new trial on that ground. (Civil Code, subsec. 4 of sec. 369.)

*This action was brought to recover $150,000 damages for personal injuries caused by a railroad accident,* for expenses of cure, alleged to have been $5,000, and for value of baggage lost by plaintiff, alleged to have been of the value of $500. *On the trial compensatory damages alone were claimed by the plaintiff.*

At the instance of the plaintiff the jury was instructed that if they found for the plaintiff they should find such sum, not exceeding the amount claimed ($150,000); as upon all the evidence they believed would *fairly compensate him for the injuries received, expenses incurred, and losses suffered* as the direct result of the accident. The jury returned a verdict, and the court rendered a judgment in favor of the plaintiff against the railroad company for $35,500.

The order of the trial court overruling the motion of the defendant for a new trial on the ground of "excessive damages, appearing to have been given under the influence of passion or prejudice," *is reversed, with instructions to that court to grant a new trial.*

5. Power of the court of appeals to reverse on the ground of excessive damages. *Held that—*

If a motion for a new trial is overruled and judgment is rendered upon a verdict for excessive damages, appearing to have been given under the influence of passion or prejudice, the action of the court may be revised by this court; and if the motion appears to have been improperly overruled, this court has the same jurisdiction to reverse the order for that error that it has to reverse for any other." . . .

"Excessive damages, appearing to have been given under the influence of passion or prejudice, being made one of the grounds upon which the *nisi prius* courts may grant new trials, and this court having jurisdiction to revise their orders, has as much power, and is as much bound to reverse an erroneous order overruling a motion for a new trial based on the ground that the verdict is excessive as to reverse a similar order made on a motion based upon any other ground."

Russell Houston, . . . . . }
I. & J. Caldwell & Winston, } . . . . For Appellant,

CITED

Shearman & Redf. on Neg. section 600.
Style, 465, Wood v. Gunston.

L. & N. R. R. Co. v. Fox.

2 Duvall, 576, Board Int. Imp. Shelby Co. v. Scearce.
4 Bush, 509, L. & N. R. R. Co. v. Robinson.
2 Met. 153, Chiles v. Drake.
5 Bush, 10, L. & N. R. R. Co. v. Sickings.
8 Gray, 45, Shaw v. the Boston & W. R. R. Co.
5 Mason, 197, Thurston v. Martin.
3 Story, 1, Wiggin v. Coffin.
10 Bush, 263, Jacobs adm'r v. L. & N. R. R. Co.
16 B. Mon. 577, Kountz v. Brown.
16 B. Mon. 100, Hawkins v. Riley.
36 Mo. 364, Kennedy v. N. Mo. R. R. Co.
49 Ill. 241, The City of Chicago v. Martin and wife.
12 Barb. 482, Collins v. The A. & S. R. R. Co.

*As to the power of the court to reverse on account of the amount of damages
($35,500) awarded by the jury :*

Civil Code, secs. 16, 369.
Hardin's Rep. 588, Taylor v. Giger.
Littell, 136, Outton v. Barnes.
Hilliard on New Trials, chap. 17, "Amount of Damages."
Sneed's Rep. 262, Duncan v. Finnyhorn and wife.
1 Bibb, 247, Worford v. Isbel.
2 Bibb, 593, North v. Cates.
4 Littell, 117, Bell v. Howard.
1 Mar. 345, Webber v. Kenney.
2 Mar. 365, Respass v. Parmer.
3 J. J. Mar. 391, Johnson v. Davenport.
5 J. J. Mar. 596, Goodall's adm'r v. Goodall.
3 Dana, 466, Vanzant v. Jones.
8 Dana, 321, Singleton v. Singleton.
3 Dana, 582, Major v. Pulliam.
6 Durn & East, 619.
2 Met. 122, D. L. & N. Turnpike Co. v. Stewart.
2 Met. 560, Letton v. Young.
2 Duvall, 559, L. & P. Railroad Co. v. Smith.
7 Durn & East, 527.
1 Mar. 345, Webber v. Kenney.
1 Mar. 431, Riley v. Nugent.

| | |
|---|---|
| 2 Wend. 352. | 10 Serg. & R. 399. |
| 1 Strange, 92. | 5 Durn & East, 257. |
| 5 Cowen, 351. | 2 Bay, 204. |
| 12 Johns. 234. | Styles, 462. |

10 B. Mon. 256, Moore v. Foster.
13 Ohio, 365, Simpson v. Pitman.

VOL. XI.—33

*That the verdict in this case was excessive as compared with other case.*

Hilliard on New Trials, p. 3.

Hurl & N. 963, Britton v. South Wales.

Saunders on Negligence, 217, 222, 223, 237, 238.

9 & 10 Victoria, chap. 93.

S. D. Smith, 121, Scherf v. Szadezky.

2 Mod. 150, Townsend v. Hughes.

5 Com. Dig. Pleader R. 17.

4 Term Rep. 651.　　　　　4 Best & Smith, 396.

2 Best & Smith, 759, Pym's adm'r v. G. N. W. R. R. Co.

2 Wils. 405, Redshaw v. Brook.

5 Taunt. 277, Hewlett v. Crutchley.

9 Bush, 728, L. C. & L. R. R. Co. v. Case.

2 Gil. 438, McNamara v. King.

3 Scam. 487, Schlenker v. Ripky.

4 Shipley, 187, Jacobs v. City of Bangor.

4 Mass. 45, Coffin v. Coffin.

9 Cush. 228, Treanor v. Donahue.

8 Gray, 45, Shaw v. Boston & W. R. R. Co.

2 Minn. 43, Beaulieu v. Parson.

2 John. 72, Littleton v. Cheatham.

9 John. 51, Coleman v. Southwick.

7 Cow. 609, Pierce v. Dart.

5 Cow. 106, the case of Sargent.

6 Texas, 352, Barnett v. Hicks.

9 Texas, 358, Cook v. Garza.

5 Wall. 105, Railroad Co. v. Barron.

2 Sto. 670, Whipple v. Cumberland Man. Co.

1 Cliff. 524, Wightman v. City of Providence.

5 Leigh. 603, Burgh v. Shanks.

2 Mod. 150, The Lord Townsend v. Hughes.

4 Term. Rep. 651, Duberly v. Gorming.

9 Wend. 470, Rickman v. Parkins.

2 Dev. 11, Alley v. Hampton.

25 Cal. 460.　　　　　　　46 Cal. 576.

26 Conn. 405, Waters v. Bristol.

14 Fla. 330, Moses v. Gilcrist & Son.

26 Ga. 256, M. & W. R. R. Co v. Winn.

37 Ga. 120, Busby v. Moses.

14 Iowa, 364, Russ v. Steamer War Eagle.

35 Ill. 487, Ross v. Innis.

38 Ill. 242, Ill. Cen. R. R. Co. v. Simmons.

40 Ill. 220, C. C. & R. I. Co. v. McKean.

55 Ill. 492, C. & N. W. R. R. Co. v. Jackson.
52 Ill. 184, Ill. Cen. R. R. Co. v. Welsh.
57 Ill. 265, Chi. & N. W. R. R. Co. v. Fillman.
16 B. Mon. 577, Kountz v. Brown.
76 Pa. St.    Pa. R. R. Co. v. Dale.
17 La. Ann. 19, Choppin v. N. O. & Carr. R. R. Co.
27 Miss. 88, Bell v. Morrison.
36 Miss. 661, N. O., J. & G. N. R. R. Co. v. Hurst.
44 Miss. 466, M. & C. R. R. Co. v. Whitfield.
21 Mo. 357, Wells v. Sanger.
27 Mo. 28, Goetz & Ambs.    47 Barb. 47.
37 Mo. 240, Sawyer v. Han. & St. Jo. R. Co.
36 Mo. 352, Kennedy v. North Mo. R. R. Co.
54 Mo. 180, Tucker v. St. L., &c. R. R. Co.
58 Mo. 421, Reed v. P. & A. Ins. Co.
35 Md. 32, Balt. & Ohio R. R. Co. v. Fitzpatrick.
16 Pick. 541, Worcester v. Canal Bridge Co.
30 Penn. St. 380, Penn. R. R. Co. v. Kelley.
23 Wend. 425, Lincoln v. S. & S. R. R. Co.
15 N. Y. 415, Ranson v. N. Y. & Erie R. R. Co.
19 Barb. 462, Clapp v. Hud. Riv. R. R. Co.
12 Barb. 482, Collins v. The Albany & Sche. R. R. C'
47 Barb. 575, McIntyre v. N. T. Cent. R. R. Co.
47 Barb. 146, Murray v. Hud. Riv. R. R. Co.
56 Barb. 426, Caldwell v. N. J. Steamboat Co.
63 Barb. 260, Walker v. Erie R. W. Co.
64 Barb. 438, Rockwell v. Third Ave. R. R. Co.
48 N. H. 321, Taylor v. Railway.
13 Ohio, St. 367, Simpson v. Pittman.
63 Penn. St. 291, P. & O. Canal Co. v. Graham.
11 Gratt. 703, Farish v. Rigle.
23 Wis. 195, Schmidt v. M. & St. P. R. R. Co.
23 La. An. 108, Barksdell v. The N. O. & C. R. R. Co.
25 Cal. 460, Boyce v. Cal. Stage Co.

T. W. GIBSON,
GIBSON & GIBSON,
JOHN M. HARLAN,
HARLAN & WILSON,    } . . . . . . . For Appellee,

CITED

Newman's Pl. & Prac., p. 414.
Story on Bailments, sec. 601.
Story on Contracts, sec. 765.

Shearman & Red. on Neg., secs. 280, 268, 597, 606.
Redfield on Carriers, secs. 520, 521, 350.
Redfield on Railways, sec. 1760.
Story on Con., sec. 765.
Hardin's R. 587, Taylor v. Giger.
Taney's Cir. Ct. Dic. 14–15, Saltonstall v. Stokes.
Angell on Carriers, 4th ed., secs. 568, 523, 569.
1 McLean, 550, McKinney v. Neil.
8 Bush, 152, Sherley, &c. v. Billings.
2 Kent, 7th ed., 602.
6 Penn. St. 238, Sullivan v. Phila. & Rea. R. R. Co.
1 Duer. 240, Caldwell v. Murphy.
9 Met. (Mass.) 1, Ingalls v. Bills, &c.
2 Camp. 79, Christie v. Griggs.
2 Esp. R. 533, Aston v. Heaven.
3 Kernan, 24, Hegeman v. The Western R. R. Cor.
1 Sneed, 226, N. & C. R. R. Co. v. John Messino.
1 Edmond's Sel. Ca. 592, Oliver v. N. Y. & Erie R. R. Co.
2 Duv. 558, Louisville & P. R. R. Co. v. Smith.
8 Burr, 482, Lane v. Colder.
6 Casey, 234, Sullivan v. Phil. & Rea. R. R. Co.
7 H. & N. 1039, Dawson v. M. S. & L. R. R. Co.
6 Casey, 234, Sullivan v. The Phil. & Rea. R. R. Co.
9 Rich. (Law) 89, Zemp v. Railroad Co.
5 Duer. 193, Weed v. Panama R. R. Co.
1 Duer. 233, Caldwell v. Murphy.
4 Iowa, 547, Sales v. Western Stage Co.
1 Bibb, 249, Worford v. Isbel.
1 Mar. 431, Riley v. Nugent.
14 How. 486, Phil. & R. R. Co. v. Derby.
16 How. 474, Steamboat New World v. King.
14 Ill. 471, Galena & Chicago R. R. Co. v. Garwood.
11 Gratt. 708, Farish & Co. v. Reigle.
16 Barb. 115, Holbrook v. Utica & Sche. R. R. Co.
47 N. Y. 288, Caldwell v. New J. Steamboat Co.
64 Penn. St. 229, Meier v. Penn. R. R. Co.
11 Harris, 149, Railroad Co. v. Aspell.
48 N. H. 306, Taylor v. Railway Co.
11 Minn. 288, McLean v. Burbank.
11 Minn. 303, Johnson v. Winona & St. P. R. R. Co.
15 Gratt. 236, Vir. Cent. R. R. Co. v. Sanger.
15 Ill. 468, Galena & Chicago R. R. Co. v. Garwood.
19 Ill. 517, Chicago, B. & Q. R. R. Co. v. George.
13 Peters, 193, Stokes v. Saltonstall.

L. & N. R. R. Co. v. Fox.

44 Cal. 84, Groman v. Contra Costa S. W. Co.
25 Cal. 468, Boyce v. Cal. Stage Co.
16 Barb. 353, Hegeman v. The Western R. R. Co.
18 N. Y. 536, Curtis v. Rochester & Sy. R. R. Co.
49 Maine, Edwards v. Lord.
13 Cal. 599, Fairchild v. California Stage Co.
21 Conn. 245, Derwort v. Loomer.
16 Ill. 558, Galena & Chicago R. R. Co. v. Fay.
25 Wend. 425, Lincoln v. S. & S. R. R. Co.

*As to the power of the court to reverse on account of amount of damages*
*($35,500) awarded by the jury :*

Civil Code, sec. 369.
Hurl. & N.        Britton v. South Wales R. R. Co.
S. D. Smith's R. 121, Schorf v. Szadezky.
Sneed's R. 263, Duncan v. Finnyhorn.
Hardin's R. 587, Taylor v. Giger.
4 Term R. 650, Duberly v. Gorming.
2 Best & Smith, 759, Pym's adm'r v. G. N. R. & W. R. R. Co.
2 Wils. 465, Redshaw v. Brook.
5 Taunt, 277, Hewlett v. Cruchley.
1 Mar. 345, Webber v. Kenney.
2 Blackf. 465, Picquet v. McKay.
2 Gil. 436, McNamara v. King.
3 Scam. 487, Schlenker v. Ripky.
1 Bibb, 247, Worford v. Isbel.
2 Bibb, 593, North v. Cates.
4 Litt. 117, Bell v. Howard.
1 Mar: 431, Riley v. Nugent.
2 Mar. 365, Respass v. Parmer.
3 J. J. Mar. 391, Johnson v. Davenport.
5 J. J. Mar. 596, Goodall's adm'r v. Goodall.
3 Dana, 466, Vanzant v. Jones.
3 Dana, 582, Major v. Pulliam.
2 Duvall, 559, Louisville & Portland R. R. Co. v. Smith.
2 Duvall, 506, N. Y. Life Ins. Co. v. Graham.
2 Met. 122, D. L. & N. Turnpike Co. v. Stewart.
2 Met. 560, Letton v. Young.
1 Duvall, 203, Harrel v. Harrel
4 Shipley. 187, Jacobs v. City of Bangor.
4 Mass. 45, Coffin v. Coffin.
8 Pick. 122, Baker v. Briggs.
9 Cush. 228, Treanor v. Donahue.
5 Gray, 45, Shaw v. Boston, &c. R. R. Co.

2 Minn. 43, Breanlieu v. Parsons.

2 Cen. Law Journal, No. 22, p. 346, Welsh v. Ware.

2 John. 72, Littleton v. Cheatham.

9 John. 51,. Coleman v. Southwick.

5 Cowen, 106, Sargent v. ———

7 Cowen, 609, Pierce v. Dart.

6 Cowen, 214, Cole v. Perry.

2 Dev. 11, Alley v. Hampton.

3 Dev. 35, Young v. Houston.

1 Ire. 118, McKay v. Lilly.

2 Binn. 108, Cam v. Henderson.

2 Bay. 207, Neal v. Lewis.

1 Spier. 237, Tripp v. Martin.

8 Rich. 422, Lewis v. Worthy.

6 Texas, 352, Burnett v. Hicks.

1 Humph. 93, Boyers v. Pratt.

1 Head. 209, Goodal v. Thurman.

5 Wall. 105, Railroad Co. v. Barron.

2 Story, 670, Whipple v. Cumberland Man. Co.

1 Cliff. 524, Wightman v. City of Providence.

5 Leigh. Burgh v. Shanks.

4 Wis. 78, Berchard v. Booth.

21 Mo. 357, Wells v. Sauger.

27 Mo. 28, Goetz v. Ambs.

37 Mo. 240, Sawyer, &c. v. H. & St. J. R. R. Co.

15 Ark. 356, Sexten v. Brook.

24 Cal. 513, Aldrich v. Palmer.

25 Cal. 460, Boyce v. California Stage Co.

46 Cal. 576, Sherman v. Mitchell.

26 Conn. 405, Waters v. Bristol.

28 Car. 11, 2 Mod. 150, Townsend v. Hughes.

21 Law Times R. 326, Fair v. The Lond. & N. W. R. R. Co.

10 Ga. 37, Lang v. Hopkins.

26 Ga. 256, M. & W. R. R. Co. v. Winn.

37 Ga. 258, Foute v. Massey.

48 Ga. 120, Busby v. Moses.

14 Iowa, 364, Russ v. Steamer War Eagle.

36 Miss. 661, N. O., J. & G. N. R. R. Co. v. Hurst.

44 Miss. 466, M. & C. R. R. Co. v. Whitfield.

35 Ill: 487, Ross v. Innis.

38 Ill. 242, Ill. Cent. R. R. v. Simmons.

40 Ill. 220, C. C. & R. I. R. R. Co. v. McKean.

55 Ill. 492, C. & N. W. R. R. Co. v. Jackson.

52 Ill. 184, Ill. Cent. R. R. v. Welch.

57 Ill. 265, Chicago & N. W. R. R. Co. v. Fillman.
60 Ill. 322, City of Chicago v. Fowler.
10 B. Mon. 256, Moore v. Foster.
14 Fla. 330, Moses v. Gilcrist.
16 B. Mon. 577, Kountz v. Brown.
17 La. Ann. 19, Choppin v. N. O., &c. R. R. Co.
23 La. Ann., Barksdell v. N. O. & Carr. R. R. Co.
27 Miss. 88, Bell v. Morrison.
41 Mo. 496, Alfred v. Bray.
36 Mo. 352, Kennedy v. N. M. R. R. Co.
54 Mo. 180, Tucker v. St. L., &c. R. R. Co.
58 Mo. 421, Reed v. P. & A. Life Ins. Co.
35 Md. 32, Balt. & Ohio R. R. Co. v. Fitzpatrick.
16 Pick. 541, Worcester v. Canal Bridge Co.
23 Wend. 425, Lincoln v. S. & S. R. R. Co.
15 N. Y. 415, Ransom v. New York & Erie R. R. Co.
12 Barb. 492, Collins v. The S. & A. R. R. Co.
19 Barb. 462, Clapp v. Hudson River R. R. Co.
47 Barb. 47, Ingersoll v. Muller.
47 Barb. 515, McIntyre v. N. Y. Cent. R. R. Co.
47 Barb. 146, Murray v. Hudson River R. R. Co.
56 Barb. 426, Caldwell v. Steamboat Co.
63 Barb. 260, Walker v. Erie R. W. Co.
64 Barb. 438, Rockwell v. Third Avenue R. R. Co.
48 N. H. 321, Tailor v. Railway.
13 Ohio, 367, Simpson v. Pittman.
14 Ohio, 426, Fischer v. Patterson.
53 Pa. 276, P. R. R. Co. v. Allen.
63 Pa. 291, P. & O. Canal Co. v. Graham.
17 Chi., Davis v. Ruff.
10 Humph. 423, Jones v. Jennings.
11 Gratt. 703, Farish v. Reigle.
21 Gratt. 214, Blosser v. Harshbarger.
22 Gratt. 570, Hill v. Peyton.
23 Wis. 195, Schmidt v. The M. & St. P. R. R. Co.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

While the appellee was a passenger on the appellant's road the train was thrown from the track and the coach in which he was riding was precipitated down an embankment of several feet and turned over. His right ankle and foot were so crushed between broken timbers of the car as to render it

necessary, in order to save his life, to amputate the leg just below the knee. His left leg was badly bruised, the bones separated and the ligaments ruptured. His crushed foot became fastened between shattered timbers, and he was unable to get out of the car, and fellow passengers were unable for some time to remove him. Before he was removed the cars in front of the one he was in took fire, and during the time he was detained in the car, in addition to his physical sufferings, he must have suffered greatly from the apprehension of being burned to death. He was removed from the scene of the accident to a neighboring farm-house, where his right leg was amputated and the left was dressed. From thence he was removed to Louisville, where he lay for weeks in a critical condition, his life being for a considerable time despaired of. His sufferings were very severe, and he expended large sums in hiring surgeons and nurses, and in other expenses of being cured.

This action was brought to recover $150,000 damages for the injuries suffered, the expenses of cure, and the value of his baggage (estimated by him at $500) which was burned in the baggage car.

At the time of the trial the left leg was still weak and often painful, and, when he would walk even a short distance upon it, would swell and cause suffering. The medical testimony conduced to prove that the left leg would never regain its original strength, and that there was danger of the formation of abscesses on it and of necrosis of the bone about the ankle, which would render amputation of the foot necessary. This fear was not, however, entertained by all the medical witnesses.

Verdict and judgment having been rendered for the appellee, and the appellant's motion for a new trial having been overruled, this appeal is prosecuted to reverse that judgment.

The evidence tended to prove that the train was thrown from the track in consequence of a broken rail, and showed without contradiction that a broken rail was discovered in the track, at the place where the accident occurred, two days before. Whether the break had been repaired in such manner as to render the track secure, or whether it was the sole cause of the accident, the evidence was conflicting. It is conceded, however, by counsel for the appellant that the evidence authorized the jury to find that the accident occurred in consequence of the negligence or carelessness of the servants of the company, and we are not asked to disturb the verdict on the ground that it is against the weight of the evidence, and we need not therefore recite the facts the evidence tended to establish. Three grounds are relied upon for a reversal—

1. That the court erred in allowing illegal evidence, offered by the appellee, to go to the jury.

2. That the court erred in modifying, at the instance of the appellee, instruction No. 12, asked by the appellant.

3. That the damages are excessive, appearing to have been given under the influence of passion or prejudice.

1. The appellant's road is divided into sections of several miles in extent, and the immediate supervision of the track in each is committed to a "section boss" and several hands, whose duty it is to pass along the line frequently and keep it in repair. The accident occurred on a section then under the control of one Howard as "section boss;" and the appellee was permitted to prove, against the objections of the appellant's counsel, that other portions of Howard's section were in bad condition. The portions of the track to which that evidence related were so remote from the scene of the accident that they could not have contributed to it in any degree whatever.

The general condition of the road was not involved in the issue to be tried. The question was whether the train had been thrown from the track in consequence of the negligence

of the company or its agents or servants, and evidence of negligence or carelessness which could not have contributed to that result was clearly incompetent. But when the court came to instruct the jury they were told not to consider any alleged defects in any part of the road other than such as directly caused or immediately contributed to the injury of the plaintiff, and that all testimony as to defects at other times and places was withdrawn from their consideration.

As it is conceded that the legal evidence heard by the jury was sufficient to warrant a verdict against the appellant, and the jury were told to limit their finding to compensatory damages, we do not feel authorized to reverse the judgment for the error in admitting this evidence. Had the jury been permitted to give punitive damages, the admission of the evidence might have been such error as to require a reversal on that ground; but as they were limited to compensation, we think the error, if not cured by the instruction, was not calculated to prejudice the substantial rights of the appellant.

2. The appellant's counsel asked the court to instruct the jury as follows, viz.:

"No. 12. That if the jury believe from the evidence that the defendant's train of cars, in which plaintiff was being carried as a passenger on the morning of the 27th day of December, 1872, was thrown from the track, causing the injury to plaintiff in petition complained of, wholly because of a fresh and contemporaneous break in an iron rail or piece of an iron rail on defendant's track, and under the train on which plaintiff was a passenger, and that such fresh break was caused wholly by frost or extreme cold, and that such cause was one which the highest degree of practicable care, skill, and caution consistent with operating the road at all could not have provided against, and that said train was not thrown from the track because of the mode of construction and repair of said track, and not because of any fault or neglect whatever of

defendant, its agents or servants, then the jury should find for defendant as to the injuries to the person of plaintiff in petition complained of."

The foregoing instruction was given by the court, but with this qualification asked by appellee, viz. :

"But if the jury believe from the evidence that frost or extreme cold was not the *sole* cause of the breaking of said rail, but only contributed thereto, and that the railroad track, where said rail broke, was in an unsafe and dangerous condition, that might have been remedied or guarded against by the exercise by defendant's employees of the highest degree of care and skill then practicable and then known to track repairers, and that such unsafe and dangerous condition of said railroad track of defendant at said point also contributed to cause the breaking of said rail jointly with the said frost and extreme cold, then the law is for the plaintiff, and he is entitled to compensatory damages."

Counsel do not question the correctness of the modification, but insist that as the instruction asked by them was correct it should have been given as asked, and then if opposing counsel desired to have the proposition contained in their request submitted to the jury it should have been presented as a separate and distinct instruction, and should not have been engrafted on the other as a modification.

It seems to us to have been altogether proper to append the one to the other. In the instruction as asked by the appellant the jury were told that if the accident was wholly caused by a fresh break in the rail, and the break was wholly caused by frost, they should find for the defendant. The appellee had a right then to have the jury told that if extreme cold was not the sole cause of the break, but contributed thereto, jointly with the negligence or carelessness of the appellant's agents or servants, the law was for the plaintiff.

The easiest and most natural mode of presenting the whole

law upon this point was adopted by the court, and we are unable to perceive that this can have prejudiced the rights of the appellant.

3. The evidence tended to prove that the appellee's baggage was worth $500, and that the expenses of his cure amounted to the sum of $5,000. The jury found a verdict for $35,500; and whether that amount is so great as to make it the duty of this court to reverse the judgment on that ground alone, is the only remaining question.

The court, at the instance of the appellee, instructed the jury if they found for the plaintiff they should find such sum, not exceeding the amount claimed, as upon all the evidence they believed would fairly compensate him for the injuries received, expenses incurred, and losses suffered as the direct results of the accident; and then also, at the appellee's request, told them that compensatory damages as used in the instructions could include only the following items:

"1. Such sums as will fairly compensate plaintiff for any reasonable expenses properly paid or incurred by him in procuring medical or surgical attention, medicines, and nurses in curing himself of said injury, or of any sickness directly resulting therefrom, not exceeding the sum of $5,000 claimed therefor.

"2. Also such further sum as under the evidence will fairly compensate him for any mental or physical suffering heretofore experienced by him directly resulting from said injury, as well as for any physical or mental suffering which it is reasonably certain he will experience in the future as the direct necessary result of said injury.

"3. And for such further sum as will, under the evidence, fairly compensate him for any permanent reduction of his power to earn a support, directly resulting from any loss of limb occasioned by the injury."

The court having given these instructions as to the measure

of damages, the following was given on the motion of counsel for the appellant:

"1. That if the jury find for the plaintiff they will find compensatory damages only, which means the fair and reasonable expenses of his cure, the value of time lost, a fair compensation for the physical and mental suffering caused by the injury, and for any permanent reduction of the power to earn money; and the burden of proof is upon plaintiff as to the extent and amount of such damages."

The parties thus concurred in having the jury told to limit their finding to compensatory damages.

As they were not authorized by the pleadings or evidence to give the appellee more than five hundred dollars for the loss of his baggage, or more than five thousand dollars for the expenses of his cure, and there was no evidence to show what his capacity to earn money had previously been, or how much that capacity had been reduced by the injuries, we will assume that at least the sum of thirty thousand dollars was given by the jury for loss of time, the loss of one leg and the injury to the other, and for mental and physical suffering.

Section 369 of the Civil Code provides that a verdict may be set aside and a new trial granted for any one of several causes affecting the substantial rights of the party applying. The fourth ground given is "for excessive damages, appearing to have been given under the influence of passion or prejudice."

There is no evidence in this record of passion or prejudice in the jury, unless it is furnished by the amount of the verdict.

The inquiry then is, whether the sum of thirty thousand dollars, for the matters which the jury were authorized to consider in making up their finding, is so in excess of the compensation to which the appellee was entitled as of itself to prove that the jury were influenced in the amount of their verdict by passion or prejudice.

There is no certain fixed criterion in a case like this by

which either the court or jury can ascertain with certainty the
amount which will be a fair compensation for the injuries com-
plained of, and considerable reliance must therefore be placed
on the good sense and sound judgment of the jury, and it is
only when the amount of the verdict, when compared with the
injuries to be compensated for, is so great that in the opinion
of the court it can not be accounted for upon any other ground,
that the court will be justified in attributing it to passion or
prejudice.

We know of no better means of arriving at a solution of
the question whether the amount of the verdict in this case
was the result of passion or prejudice than by comparing the
injuries suffered by the appellee with the injuries sustained by
the plaintiffs in similar actions, and then comparing this ver-
dict with the verdict in those cases.

Counsel on each side have cited a large number of cases
brought to recover damages for personal injuries, not resulting
in death, and although an examination of them will require
considerable labor, the importance of the question demands
that it should be performed.

The case of the L. & P. R. R. Co. v. Smith (2 Duvall, 556)
was an action to recover for injuries resulting from the up-
setting of one of the defendant's cars, whereby the plaintiff's
person was severely cut and bruised and his right arm was
permanently disabled. The plaintiff was an artist, and his
right arm being disabled, suffered loss in that respect, the ex-
tent of which was a proper subject of inquiry in fixing the
amount of compensation. The verdict was for $4,750.

In the case of the Louisville & Nashville R. R. Co. v.
Collins (2 Duvall, 114) the plaintiff, who was a laborer, lost
both legs in consequence of being run over by one of the de-
fendant's locomotives. The verdict was for $5,000.

In Louisville & Nashville R. R. Co. v. Robinson (4 Bush,
508) Robinson sued to recover damages for the loss of one of

his legs by being run over by a locomotive, and a verdict was rendered for $5,000.

In Sickings' case (5 Bush, 1) a verdict for $10,000 was rendered for the plaintiff for breaking his arm in two places, and this Court reversed the judgment for errors of law, and said:

"As there was no intentional injury, nor such gross neglect as to manifest recklessness and bad faith, according to the evidence, even if a recovery could be had in this case, the amount of damages would have to be limited strictly to compensation, and not given by way of punishment. Compensatory damages alone, as decided by this Court in Louisville & Portland R. R. Co. v. Smith (2 Duvall, 557), could be recovered, and this measure was violated in this *verdict* and judgment."

The largest verdict to which we have been referred was rendered in Fair v. The L. & N. W. Railway Co., reported in 21 Law Times, 326, and in Saunders on Negligence, 237.

The plaintiff, who was a clergyman, sued the defendant for injuries sustained by him in consequence of an accident. He was twenty-seven years of age, unmarried, and at the time was secretary to the Irish Church Mission, with an income as such of £250 a year. "At the time of the accident he was in the enjoyment of excellent· health, but having by the accident received an injury to his spine, he became afflicted with permanent deafness, and suffered in his other senses, and became paralyzed in his lower extremities, from which, according to the medical testimony, it was hopeless to expect he would ever recover." The verdict was for £5,250, equal to $26,250—£5,000 being given for the injuries, and £250 for the expenses of his cure.

The case of the C. & N. W. R. R. Co. v. Jackson (55 Ills. 492) was an action to recover for the loss of both legs, and the verdict was $18,000.

In Caldwell v. The N. J. Steamboat Co. (56 Barb. 426) the

plaintiff was seriously injured by the rush of steam and hot water from an exploded boiler, and for about five months was confined to his hotel in the city of New York, his residence being in the state of Indiana. For the first three months after the injury his life was despaired of, and he testified that his board and the expenses of his cure were $6,770. The verdict was for $20,000.

Walker v. Erie R. W. Co. (63 Barb. 260) was an action for an injury caused by an accident; verdict, $20,000. We have not had access to the report of the case, and can not tell how far it may be analogous to this.

Boyce v. California Stage Co. (25 Cal. 460) was an action to recover for injuries occasioned by the upsetting of one of the defendant's coaches. The plaintiff's lower jaw was broken in three places; the upper jaw separated from its bony attachments; his right shoulder dislocated, and the right shoulder-blade broken; the skull fractured; the face, mouth, and body bruised, contused, and wounded. His injuries were of so serious a character as to render him entirely insensible for many days, and for a considerable time to render his recovery doubtful, and were such as to require the removal of portions of the bone of the lower jaw, and to produce great and permanent disfigurement. Up to the time of the trial of the case, more than a year and a half after the accident, he had not acquired the ordinary use of the lower jaw; the right shoulder and arm were stiff and weak, and the hand partially paralyzed, being unable to perform any labor except with the left hand. The plaintiff was a laborer, and the verdict was for $16,500.

Shaw v. Boston & Worcester R. R. Co. (8 Gray, 45) was tried three times. The first verdict was for $15,000, the second for $18,000, and the third for $22,500. The plaintiff's injuries and sufferings seem to have been greater than those of the appellee, and nearly, if not quite, as great as those of Boyce.

In Choppin v. New Orleans & Carr. R. R. Co. (17 La.

Ann. 19) the plaintiff recovered a verdict for $25,000 for a personal injury, but we have been unable to see a report of the case.

In Barksdell v. N. O. & Carr. R. R. Co. (23 La. Ann. 180) the plaintiff, a child five years old, recovered $15,000 for the loss of both legs.

The verdicts in these cases include not only compensation for the injuries, but the expenses of cure; yet not one is as large by several thousand dollars as the verdict in this case for the injuries alone. In several of the cases the extent of the reduction of the power of the plaintiff to earn money was proved, and should have enhanced the finding to some extent, while there is no such element in this case, and in many of them the injuries received were very much greater than those suffered by the appellee. In only nine out of nearly one hundred cases cited by counsel did the verdict for injuries equal one half the verdict in this case, and in nearly or quite half of those the injuries were greater than the injuries of the appellee. In many of the cases, for injuries quite equal to his, not one third as much was given, and in some not over one sixth.

It is impossible to suppose that so great an excess in the finding of the jury in this case over the findings in other cases, where as great and in some instances very much greater injuries were to be compensated, was the result of mere difference in judgment, or to account for it otherwise than as the result of passion or prejudice.

It is insisted, however, by counsel for the appellee that the rule of law is, that in actions for personal injuries the amount of the finding is in the sound discretion of the jury, and that the court can not pronounce their finding excessive unless it be so great as appears at first blush to be outrageous and to indicate passion or partiality in the jury; and they cite Worford v. Isbel (1 Bibb, 247), North v. Cates (2 Bibb, 593), Bell v. Howard (4 Litt. 117), Webber v. Kinney (1 Mar. 345), Riley

v. Nugent (*Ib.* 431), Vanzant v. Jones (3 Dana, 466), Kountz v. Brown (16 B. Mon.), Lou. & Port. Railroad Co. v. Smith (2 Duvall, 559), D., L. & N. Turnpike Co. v. Stewart (2 Met.), Letton v. Young (*Ib.* 560), and other cases decided by this court, to sustain this position. There is a large number of cases in which the language quoted, or language similar in import, has been used by this court; but in nearly if not all of the cases in which such language has been used the plaintiff was not only entitled to recover compensation, but was likewise entitled to such additional sum, by way of punishing the defendant, as the jury might deem right under all the facts and circumstances in evidence before them. Whether that rule should still be applied in that class of cases we need not decide; for in this case both parties, as we have already said, concurred in having the jury told to limit their finding to compensatory damages.

It was also argued by counsel for the appellee that after a verdict had been approved by the judge presiding at the trial this court should not set it aside upon the sole ground that it was excessive, and that to do so would be an infringement of the right of trial by jury.

The Bill of Rights provides " that the ancient mode of trial by jury shall be held sacred, and the right thereof remain inviolate, subject to such limitations as may be authorized by this constitution."

Sections 1 and 2 of article 4 provide that—

" 1. The judicial power of this commonwealth, both as to matters of law and equity, shall be vested in one supreme court (styled the Court of Appeals), the courts established by this constitution, and such courts inferior to the Supreme Court as the general assembly may from time to time erect and establish.

" 2. The Court of Appeals shall have appellate jurisdiction only, which shall be co-extensive with the state, under such

restrictions and regulations, not repugnant to this constitution, as may from time to time be prescribed by law."

Pursuant to this provision the general assembly has declared that the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of all other courts of this commonwealth, with certain exceptions in no way affecting the question under consideration. (Sec. 15, Civil Code.) And by section 369, that new trials may be granted by the court trying a cause upon any one of several grounds specifically set forth, one of which is "for excessive damages, appearing to have been given under the influence of passion or prejudice."

If a motion for a new trial is overruled, and judgment is rendered upon a verdict for excessive damages, appearing to have been given under the influence of passion or prejudice, the action of the court may be revised by this court, and if the motion appears to have been improperly overruled, this court has the same jurisdiction to reverse the order for that error that it has to reverse for any other.

If this be regarded as a modification of the ancient right of trial by jury, it is warranted by that clause of the section quoted from the Bill of Rights, which declares that right to be subject to the modifications contained in the constitution, and that clause of section 2, article 4, which gives this court appellate jurisdiction under such restrictions and regulations, not repugnant to the constitution, as may be prescribed by law. Excessive damages, appearing to have been given under the influence of passion or prejudice, being made one of the grounds upon which the nisi prius courts may grant new trials, and this court having jurisdiction to revise their orders, has as much power and is as much bound to reverse an erroneous order overruling a motion for a new trial based on the ground that the verdict is excessive as to reverse a similar order made on a motion based upon any other ground.

We do not find any case in which this power has been exer-

cised by this court in an action for a personal injury, but there are many cases which show that the court has not doubted the existence of the power. Indeed, in nearly every decision cited upon the question of granting new trials in such actions as this, it appears that the court would have reversed upon that ground if the case in hand had demanded it.

We concede, that courts of all grades should exercise extreme caution in interfering with the verdicts of juries, and that an appellate court should hesitate not only because of the delicacy of undertaking to set aside the finding of the constitutional triers of fact, but because of the concurrence with the jury of the judge presiding at the trial. But if, after giving due weight to the verdict of the jury and the approval of the circuit judge, this court is clearly convinced, in a case in which the plaintiff is only entitled to recover compensatory damages, that the jury has gone beyond compensation and inflicted punishment on the defendant under the influence of passion or prejudice, it is bound by the weightiest considerations of duty to direct a new trial. To refuse to do so is to abandon the defendant to the arbitrary will of the jury. The supervising control of the courts, both of original and appellate jurisdiction, is, in this country, an integral part of the jury system, and as indispensable to the right administration of justice as the panel of twelve men.

We are well satisfied that the damages are excessive and the result of passion or prejudice in the jury, and the judgment is reversed and the cause is remanded with directions to grant the appellant a new trial.