No. 3076
Second Circuit

WEIL v. CITY OF ALEXANDRIA

(February 3, 1928. Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest — Municipalities—Par. 259, 261.**

It is negligence on the part of a municipality to allow a hole 16 inches by 14½ inches by 22½ inches in dimensions made by its employees in its sidewalk between the pavement and the street curb and eight inches from the former, to remain open and unguarded and without any light or other danger signal at night to warn pedestrians against falling therein; and where a pedestrian, unaware of the existence of the danger, falls into the hole and is injured, the municipality will be liable to him in damages for such injuries in the absence of proof of contributory negligence on his part. Long vs. American Ry. Express Co., 150 La. 184, 90 So. 563.

Tiller vs. City of Monroe, 5 La. App. 473.

Cole vs. Central Contracting Co., 5 La. App. 513.

2. **Louisiana Digest — Municipalities—Par. 255, 261.**

The law imposes on a city the mandatory duty of maintaining its sidewalks in such condition as not to endanger those who use them; and it is negligence for a city, in making repairs to a sidewalk, to leave a pit or hole in the neutral part thereof between the pavement and the street curb without a railing around it and without any light or other danger signal at night to warn pedestrians using the sidewalk of the presence of the pit or hole. Allen vs. City of Minden, 127 La. 403, 53 So. 666.

Cline vs. City of New Orleans, 41 La. Ann. 1031, 6 So. 851.

O'Neill vs. City of New Orleans, 30 La. Ann. 220.

Gueble vs. City of Lafayette, 121 La. 909, 46 So. 917.

**3.  Louisiana  Digest—Damages—Par.  57.**

In the assessment of damages in actions for offenses or quasi offenses, much discretion must be left to the trial judge.

Civil Code, Article 1934, paragraph 3. Enders vs. Skannal, 35 La. Ann. 1000. Nash vs. Longville Lumber Co., 148 La. 943, 88 So. 226.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by Mrs. Jacques Weil against City of Alexandria.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

K. Hundley, of Alexandria, attorney for plaintiff, appellee.

S. L. Richey, of Alexandria, attorney for defendant, appellant.

REYNOLDS, J. Plaintiff sues defendant for $2560.00 damages alleged to have been sustained by her in falling into a hole 16 inches by 14½ inches by 22½ inches in dimensions excavated by defendant's employees in the neutral part of a sidewalk between the pavement and the street curb and about 8 inches from the latter, and which hole had been left unguarded and without any light or other warning signal for four days and four nights.

Defendant denied liability and alleged contributory negligence.

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant for the sum of $310.00 with legal interest from judicial demand. Both defendant and plaintiff have appealed.

## OPINION

The evidence conclusively establishes that the employees of defendant excavated a hole 16 inches by 14½ inches by 22½ inches in dimensions in the unpaved or neutral part of the sidewalk between the pavement and the street curb and about 8 inches from the former and let it remain open and unguarded and without any light or other danger sign for four days and four nights and that it was a menace to the safety of pedestrians and a trap into which any person using the sidewalk might fall.

Naturally the defendant is liable in damages to anyone suffering injuries by falling into such hole without any negligence on his part.

Plaintiff was walking along the sidewalk in company with friends after dark and fell into the hole and thereby wrenched her back and sprained her ankle.

Defendant insists that plaintiff was negligent and that her negligence contributed to cause the injury, but in our opinion the evidence fails to establish the slightest negligence on her part. In company with friends she was walking along the sidewalk and conversing and laughing and it was not negligence on her part to step off of the paved part of the sidewalk and onto the neutral or unpaved part thereof either backward or forward at the place of the accident without knowledge of the presence of the hole. No harm would have come to her if the hole had not been there or it being there, had it been properly guarded or a light or other warning of its presence been there.

In Choppin vs. Carrollton Railroad Co., 17 La. Ann. 19, it was held that even where the conduct of the plaintiff has, as a matter of fact, contributed to the accident, but such conduct has not been, in a legal sense, imprudent or negligent, the plaintiff may recover from the defendant at fault.

And in Ford vs. Tremont Lumber Co., 123 La. 742, 49 So. 492, that a person is

not negligent for failing to anticipate that other persons will be negligent.

In our opinion the defendant was negligent and the plaintiff not negligent and that the defendant is liable to her for the damages suffered in falling into the hole.

This brings us to the question of the amount of damages plaintiff is entitled to.

She did not call a physician the night of the accident and was not permanently injured as a result of the accident. She suffered some pain and incurred some expense. The district judge who heard and saw the witnesses testify and observed their demeanor on the witness stand was of opinion that plaintiff was entitled to $250.00 for the pain and suffering and to $60.00 for medical attention and servant hire, made necessary by the injuries.

In suits sounding in damages for personal injuries the opinion of the trial judge is entitled to much weight.

Civil Code, Article 1934, paragraph 3.

Enders vs. Skannal, 35 La. Ann. 1005.

"A verdict of $250.00 for the breaking of two ribs and a contusion of the hip and ankle on one side, which were not shown to be permanent, though small, could not be said to be inadequate."

Lanier vs. Hammond Lumber Co., 141 La. 829, 75 So. 738.

We cannot say that the trial court erred either in rendering judgment in favor of the plaintiff or in the amount of damages awarded her.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.