CASE 111—PETITION ORDINARY—JANUARY 31.

## Ohio Valley Railway Company v. Watson's Adm'r.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. RAILROADS—EVIDENCE AS TO CONDITION OF TRACK.—In an action against a railroad company to recover for injuries to a passenger by the derailment of a car, alleged to have resulted from defendant's negligence in allowing the track to be out of repair, it is competent for the plaintiff to prove the general bad condition of the track in the immediate vicinity of the accident, and not merely at the exact point of derailment. But even if such testimony would not otherwise have been competent, it was rendered competent in this case by the action of the defendant in first introducing testimony tending to show the good condition of the

Ohio Valley Railway Company v. Watson's Adm'r.

road for several hundred feet on each side of the point at which the car left the track.

2. SAME—CARE REQUIRED AS TO PASSENGERS ON FREIGHT TRAINS.—One who takes passage on a freight train takes upon himself the additional risk, if any, in excess of the risk incident to a passage on the same road in a passenger train, and the court properly so instructed the jury in this case, leaving it to them to determine whether there was any additional risk. But the railroad company owes to the passenger on the freight train as high a degree of care as if he were riding on a passenger train; the highest degree of care and diligence being required of the company for the safety of the passenger, whether on the one train or the other.

3. SAME—INSTRUCTIONS TO JURY.—As there was testimony tending to show that the train was running at a dangerous speed at the time of the accident, the court did not err in instructing the jury on that branch of the case.

YEAMAN & LOCKETT FOR APPELLANT.

1. Testimony as to the condition of the track beyond the point at which the car was derailed was incompetent. (L. & N. R. Co. v. Fox, 11 Bush, 505.)

2. By taking passage upon a freight train the passenger takes upon himself the increased risk incident thereto. He can only expect such security as the mode of conveyance affords. (2 Rorer on Railroads, p. 947; 16 Ill., 568; 26 Ill., 373; 58 Me., 187.)

   The court in this case should have defined the care which the law requires in the management of freight trains; whereas it exacted of defendant all the care which the law requires in managing passenger trains, which was error.

3. The verdict is not sustained by the evidence, and the amount is excessive.

JAMES F. CLAY AND HENRY HUGHES OF COUNSEL ON SAME SIDE.

JOHN YOUNG BROWN AND EDWARD W. HINES FOR APPELLEE.

1. Testimony as to the condition of the track in the immediate vicinity of the accident was competent. (Osborne v. Detroit, 32 Fed. Rep., 36; Sidekum, &c., v. Wabash, &c., R. Co., 93 Mo., 400; Vicksburg, &c., R. Co. v. Putman, 118 U. S., 545.)

   But, if the testimony would not otherwise have been competent, the fact that the defendant made the issue by first introducing testimony on that subject made it competent. (Walker v. Westfield, 39 Vt., 246.)

2. A railroad company is bound to exercise the highest degree of care for the protection of passengers, whether on a passenger train or a

freight train. (Indianapolis, &c., R. Co. v. Horst, 93 U. S., 291;
Edgerton v. New York & Harlem R. Co., 39 N. Y., 227; New
York, &c., R. Co. v. Doane, 7 Am. St. Rep., 451.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In March of the year 1890, the plaintiff's intestate, James
A. Watson, wanted passage on a special freight train
belonging to the Ohio Valley Railway Company, from
the town of Morganfield to Corydon, Kentucky. Those
in charge of the train refused first to let him travel upon
it; but, being informed by him that his father was dying,
and that he was anxious to be with him before his death,
the superintendent of the road at that point consented he
should go, and, upon his paying the regular passenger
fare, he started on his journey. Before reaching Corydon
the caboose in which he was riding left the track and was
dragged several hundred feet over the cross-ties, and
finally thrown off the track upon Watson, killing him
instantly.

This action was instituted by his personal representa-
tive, alleging that Watson lost his life by the gross and
willful neglect of the company. There are no particular
acts of negligence alleged in the petition, but an answer
filed denying any neglect, and averring that the car was
thrown from the track by inevitable casualty, and with-
out fault on the part of the defendant; and, further, when
the intestate saw the danger, he negligently leaped, or
attempted to leap, from the car, when the circumstances
transpiring were not such as to impress an ordinarily pru-
dent man with the necessity of attempting to leave the
car, and that his own neglect cost him his life. A reply
was filed negativing the averments of the answer, and
the cause heard by a jury that returned a verdict for
$6,250 in damages.

Ohio Valley Railway Company v. Watson's Adm'r.

On the trial of the cause the railroad company claimed the burden of proof, and was adjudged entitled to open and close the argument, to which the plaintiff excepted, but as a recovery was had, the question raised below is not here for decision:

The railroad company, having claimed the burden, proceeded with its testimony in relation to the condition of the railway track at the place where the accident occurred, and a number of witnesses familiar with the track and its condition testified that the cross-ties were sound and the road in excellent repair.   Engineers, roadmaster, as well as others not connected with the road, spoke of the road as being in excellent repair, both at and near the place where the derailment took place.   Also, that the cars were moving at the ordinary rate of speed for a freight train when the accident happened.   The defective condition of the railway track and its ties, and the great speed of the train, seem, from the testimony, to have constituted the neglect causing the death of Watson, and the testimony was confined to those acts of negligence. When the defense closed the case the plaintiff's testimony showed, and that by a number of witnesses, the bad condition of the track, the decayed appearance of the cross-ties, and its apparent unsafe condition.   This unsafe or defective condition was not only made to appear at the place of the accident, but for several hundred feet on each side of it, beginning at the point where the derailing first occurred.   It was objected below, and made a ground of reversal in this court, that the court erred in permitting the plaintiff to prove the defective condition of the road at any other point than that of the accident; and while we are satisfied proof of its condition in close prox-

imity to the place of the injury would have been compe-
tent, after showing the decayed ties at the place, still the
appellant opened the door to this character of testimony
by first proving the condition of the road, not only at the
place of the injury, but along the entire track in and
about the place of the injury.

A railway is not an insurer against all accidents, but
where the injury results from a defect that, by the exer-
cise of proper care, could have been provided against by
the company, it then becomes liable. The jury were so
told in an instruction that could not have been misunder-
stood; but where the injury results from rotten ties, and
the contention is that they are sound, we are not prepared
to say, the testimony being conflicting, that proof as to
its defective condition on account of rotten ties near to,
as well as at, the place of the accident, would be incompe-
tent. It is true that a rotten tie one hundred feet distant
from where the train was derailed could not have caused
the accident; but when one side, the plaintiff, shows that
the ties were rotten at the place, and the defendant that
they were sound, the defective or sound condition of the
ties within one hundred feet on each side of the place of
the accident, or for a further distance, would to some
extent corroborate the statements of the one side or the
other.

In Vicksburg, &c., Railroad Co. v. Putnam, reported in
118 U. S., 545, the Supreme Court, through Mr. Justice
Gray, said: " There being evidence tending to show that
the accident was caused by a worn-out rail, it was within
the discretion of the court to admit evidence that the
general condition of that portion of the road which
included the place where the accident occurred had long

been bad. * * * Such evidence had some tendency to prove both that a worn-out rail was the cause of the accident and the defendant had neglected to repair the defect."

A similar question was raised in the case of Sidekum v. The Wabash Railway Co., 93 Mo., 400, in which the Supreme Court held: "The condition of the road-bed at the place, or in the immediate vicinity, of the accident, may be shown."

The opinion of this court in the case of Louisville & Nashville Railroad v. Fox, reported in 11 Bush, 495, is not opposed to the admission of this character of testimony, as it was there held: "The portions of the track to which the evidence related were too remote from the scene of the accident to have contributed to it." If, therefore, the appellee had offered evidence conducing to show that parts of the road a mile away, or a greater distance, had defective ties upon it, the court should have excluded it from the jury; but where you bring the condition of the ties in as close proximity to the place of the injury as was done in this case, the testimony was competent for the reasons already stated.

The court told the jury " that in taking passage on a freight train the intestate took upon himself the additional risk, if any, in excess of the risks incident to a passage on the same road in a passenger train." This, we think, is good law, and it would not have been proper to have told the jury that the risk of losing his life or of being injured was greater on the one than on the other. The jury knew that the comfort in traveling was not the same, and from the instruction the passenger, when being transported, assumed the risk necessarily incident to the

mode of travel he had adopted; and while derailment is more liable to happen on heavy freight trains than on passenger trains, the passenger assumes no greater risk as to the condition of the cross-ties, or the condition of the road for the safety of trains moving upon it.

As said by the Supreme Court in Indianapolis, &c., Railroad Co. v. Horst, 93 U. S., 291: "Life and limb are as valuable, and there is the same right to safety in the caboose as in the palace car." The highest degree of care and diligence is required for the safety of the passenger on either the one train or the other, and proper vigilance means the exercise of such care as, when exercised by prudent men in the management and supervision of the road and the train, would prevent any such accidents.

The speed with which the train was moving was, if true, dangerous to those upon it, and while the preponderance of the evidence on the issue as to the momentum of travel may be with the appellant, still there was sufficient proof on the part of the plaintiff to justify the court in instructing the jury on that branch of the case. We might add that the weight of the testimony on both issues was with the defendant, and still there was much evidence for the plaintiff on the issue as to the defective condition of the rails, and of such a character as must end the litigation when the law has been properly given. And that the instructions were as favorable for the defense as could well have been given can not be doubted. The judgment below is therefore affirmed.