## BATTLE *v.* BRASWELL.

1. It is not reversible error for the judge to admit testimony before the jury which only tends to prove a fact admitted to be true in the pleadings of the party objecting to the evidence, although the ground of objection may in itself be good in law.
2. On the trial of a suit in which it is sought to cancel a sheriff's deed to land, made in pursuance of a levy and sale under a justice's court fi. fa. issued on a judgment against the plaintiff, upon the ground that he was

not served with a copy of the summons issued by the justice, it was not error for the court, over objection of plaintiff's counsel, to admit in evidence the docket of the justice's court showing an entry of such service by the proper officer, it appearing that the original summons was lost, and the only objection to the evidence being that the original summons, or an exemplified copy thereof, was the highest proof of service.

3. In such a trial, after the plaintiff had testified he had not been served with a copy of the summons, it was competent for the defendant to prove in rebuttal by the officer that he made such personal service.

4. There was sufficient evidence in this case to authorize the judge to give in charge to the jury the principle embodied in section 1825 of the Civil Code; and the verdict was not without evidence to support it on all the material issues involved.

Submitted February 13,—Decided March 20, 1899.

Equitable petition. Before Judge Felton. Crawford superior court. April 18, 1898.

*Hardeman & Moore*, for plaintiff.
*R. D. Smith*, for defendant.

LEWIS, J. Henry Battle brought suit for himself, and as next friend for his minor sister Lucy Battle, against Green H. Braswell and Jack Hancock, sheriff, for the purpose of enjoining the latter from ousting the petitioners from a certain tract of land which Braswell had bought at sheriff's sale under a fi. fa. issued upon a judgment in a justice's court against the petitioner Henry Battle, and for the further purpose of canceling a deed made by the sheriff to Braswell, which was alleged to be a cloud upon petitioner's title. The main ground upon which the petition was based was that the judgment was void: first, because the defendant fi. fa. had never been served with a copy of the summons; second, because at the time of the suit he was not a resident of the county, and hence the court had no jurisdiction of the case; and third, because the levy was excessive. It was further alleged that the title to the property was in Henry Battle and Lucy Battle, as tenants in common. On the trial it appeared that the property did not belong to Henry Battle alone, but was held in common by him and Lucy Battle, under a conveyance made prior to the judgment. The jury returned a verdict for the defendants as to Henry Battle, but set aside the deed as to Lucy Battle's interest in the property. A decree was entered accordingly. Henry Battle moved for

a new trial, and assigns error on the judgment overruling his motion.

1. One ground in the motion for a new trial is, that "the court erred in admitting in evidence, over the objection of movant, the docket of the justice of the peace, showing the judgment in favor of Elkin *vs.* H. B. Battle, the objection being that a transcript properly certified by the magistrate who had lawful custody of said docket was the best and only legal evidence of the contents of said docket." It appears from the ·pleadings in this case that they presented no issue of fact as to whether or not the judgment had been rendered against the plaintiff. On the contrary, the petition itself attacks the judgment as being void on account of a want of service and a want ·of jurisdiction in the court to render a judgment against the plaintiff, he claiming to be a non-resident of the county when the suit against him was entered. Even, then, if counsel for the plaintiff in error is correct in his assertion that the highest proof of the existence of the judgment would be an exemplification of the entry on the docket, and not the original entry itself, the error was harmless.

2. The next complaint in the motion is, that the court erred in admitting in evidence, over the objection of plaintiff, the justice's court docket to show service by the constable on H. B. Battle of the suit in the justice's court, "the objection being that the original return of service entered on the original summons, or a properly certified transcript of the same from the magistrate," was the best evidence. We do not think the objection made is sound. This court has, in effect, decided that the original summons is not the highest evidence of such service, but that the entry of service on the docket, as required by law, furnishes the best proof. In the case of *Gray* v. *McNeel*, 12 *Ga.* 425, it is held: "The docket of the justice of the peace, in whose court a judgment is rendered, ought to furnish the evidence of the service of a summons on the defendant, as required by the statute; but the next best evidence is the production of the summons, if that can be found ; but if that can not be found after due search and inquiry, then parol evidence of proof of service is admissible." Warner, J., in his

opinion in that case (page 430), says: "Our ruling on this point is extremely liberal, and is intended to apply to justice court papers, because of the very loose manner in which the business of those courts is frequently transacted." Counsel for the plaintiff in error relies, in his brief, on the decision in *Ellis & Co.* v. *Mills & Gibb*, 99 *Ga.* 490 (2). That case involved the question as to what was the proper method of proving proceedings in a court of record. But even if the principle decided is applicable to entries made on a justice court docket under sections 5214 and 5215 of the Civil Code, the answer is that the objection was not made to the docket on the ground that a certified copy of its contents was the proper proof, but on the ground that the original summons, or a certified copy thereof, was the highest evidence. In point of fact, this was not the highest source of proof, as above seen; and besides, it was shown the original summons was lost.

3. Another ground in the motion for new trial was alleged error in allowing the constable to testify, in behalf of the defendant, that he had personally served the plaintiff, H. B. Battle, with a copy of the summons issued against him in the suit in the justice's court. This was a direct issue between the parties. It appeared that the original summons had been lost; and the docket of the justice of the peace was introduced in evidence, showing a copy of an entry of the service thereon, as required by law. The plaintiff in this case, H. B. Battle, had denied upon the stand that he had ever been personally served. There was no traverse of the officer's return; but apart from the want of such traverse and the loss of the original summons etc., we think it was clearly admissible to allow this parol testimony of the officer, in rebuttal of what the plaintiff had testified to. It was the very issue which the plaintiff had presented in his petition and one which he sought to sustain by parol testimony; and the testimony of the constable was simply contradictory of his statement.

4. Error is further assigned on the court's giving in charge to the jury section 1825 of the Civil Code, because not applicable to the case and not authorized by the facts. Upon an examination of the brief of evidence, we think there was suffi-

cient testimony to justify the court in giving in charge the principles of law embodied in said section.

The above deals with all the errors of law complained of in the motion for new trial; the other grounds being the general ones, that the verdict was contrary to law, evidence, etc. We think the evidence was sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concurring.*