## SEABOARD AIR-LINE RAILWAY v. ANDREWS.

1. In an action for damages instituted in this State by a passenger against a common carrier, on account of personal injuries caused by the negligence of the defendant's servants, where the injury occurred in the State of Alabama, the liability of the defendant will depend upon the laws of the latter State; and where no particular law of Alabama is pleaded or proved, the presumption is that the common law prevails there, and the case will be considered as governed by the common law.
2. The motion for nonsuit was properly overruled.
3. The judge charged the common-law doctrine which prevents a plaintiff from recovering if by the exercise of ordinary care he could have avoided the consequences to himself caused by the defendant's negligence; and the assignment of error which complained of his failure so to do was without merit.
4. The judge in effect also charged the common-law doctrine that the plaintiff can not recover damages for an injury to himself where the same is done by his consent or is caused by his own negligence. If further instructions in this regard had been desired, there should have been an appropriate request.
(a) So much of the Civil Code, § 2781, as relates to comparative negligence and diminution of damages is not a common-law doctrine, and it was not erroneous to omit reference to it in the charge.
5. Other exceptions to the charge afford no ground for a new trial.
6. The evidence authorized a finding for the plaintiff, and the verdict was not excessive.

JULY 18, 1913.

Action for damages. Before Judge Bell. Fulton superior court. March 27, 1912.

*W. G. Loving*, for plaintiff in error. *Lawton Nalley*, contra.

ATKINSON, J. This was an action for damages against a railroad company by a passenger, where it was sought to recover on account of personal injuries resulting from the negligence of the defendant. The plaintiff obtained a verdict for $650. The defendant moved for new trial, upon the general grounds, and upon others which complained: (*a*) of the judge's refusal to grant a nonsuit; (*b*) of his omission to charge on specified subjects, and of one part of the charge as delivered by him; and (*c*) that the verdict was excessive. The motion for new trial was denied, and error was assigned upon this judgment. The case as made by the plaintiff was substantially as follows: On January 23d, 1911, between half past two and three o'clock in the afternoon, the plaintiff purchased a ticket in Birmingham, Alabama, over the line of defendant's railroad, from Birmingham to Piedmont, Alabama. The defendant's train was standing in the car-shed in Birmingham, and was

due to leave at three o'clock. When the plaintiff went to get on the train he was directed by the gatekeeper where to go. He went as directed to the train, which was in charge of the flagman, who was standing at the steps directing passengers into and off the train; and he was directed by the flagman to enter a designated car, which he did. He carried a valise in his right hand, and walked down the aisle of the car in quest of a seat. When about two thirds of the distance he stumbled over a suit case, valise, or some other obstruction in the aisle, and struck his side on the arm of the seat. Two ribs were broken, and he was totally disabled for five or six weeks, suffered physical pain, and incurred physician's bills. He was a traveling salesman, earning a salary of $100 a month, and a certain percentage on sales made by him. The car was not lighted at all. There were furnaces near the car-shed which produced large quantities of smoke in that vicinity; other cars were standing near by on a parallel track, and the day was dark or cloudy; all of which, in addition to the fact that the train was under the car-shed, tended to darken the inside of the car which plaintiff entered. He could not see or detect the obstruction in the aisle, and did not know of its presence until he came in contact with it. There was a general custom, known to the plaintiff and the defendant, for passengers to carry their hand-baggage into the car and place it in the aisles opposite their seats. Other passengers had entered the car before the plaintiff, carrying hand-baggage of the character mentioned. The facts relied on for recovery by the plaintiff, as stated above, were contested by the defendant. There was considerable evidence to show that the car was not dark, that hand-baggage could readily be seen when in the aisle, and that the plaintiff was not injured at all.

1. The injury occurred in Alabama, and the liability of the defendant will depend upon the law of that State. No special law of Alabama was pleaded or proved, and the presumption is that the common law prevails there. *Southern R. Co.* v. *Cunningham,* 123 *Ga.* 90 (50 S. E. 979). The case, therefore, must be considered as governed by the common law.

2. Stress is laid on the assignment of error which complains of the refusal of the judge to grant a nonsuit. At the time of the injury the plaintiff was rightfully on the defendant's car as a passenger. The defendant was bound to exercise extraordinary

care for his safety. The train was a regular passenger-train, and extraordinary care would have required defendant to exercise that extreme care and caution which a very prudent and thoughtful person would use with a like train under like circumstances. *Southern R. Co.* v. *Cunningham,* supra; Hutchinson on Carriers, §§ 895 et seq. Failure to exercise such care relatively to a passenger would constitute negligence. What facts would suffice to show the exercise of such care is ordinarily a question for the jury. The facts of this case, relatively to negligence of the defendant, were not such as would take the case out of the general rule. It could not be said, as a matter of law, that a very thoughtful and prudent person, engaged as a common carrier, knowing the custom of obstructing the aisle (the only way of ingress and egress to seats in the car) with valises and other hand-baggage and the danger incident thereto, would have directed his passenger to enter the car at a time when there were no artificial lights and it was too dark within for a passenger to readily detect obstructions before coming in contact with them. If it were dark in the car, extraordinary care would, at least, require that the employees of the company should see to it that the way was clear for the passenger to take his seat before directing him to enter, or to provide some means to prevent his injury by falling over baggage, which, under the known custom, was likely to be placed in the aisle. No similar case has been decided by this court. Counsel for the plaintiff in error cites the case of Burns *v.* Pennsylvania R. Co., 233 Pa. St. 304 (82 Atl. 246, 27 Ann. Cas. (1913 B) 811). On its facts the case was somewhat similar, except that there was no evidence of custom of passengers known to defendant to deposit their baggage in the aisle, and the question for decision was not upon the grant of a nonsuit. In the opinion it was said: "It is argued that the evidence was not sufficient to show negligence on the part of the appellant, and that appellee was so clearly guilty of contributory negligence as to require the court to so hold as a matter of law. We are not prepared to accept these extreme views of the case. We agree with the learned court below that, both as to the negligence of the defendant, and the contributory negligence of the plaintiff, the case was for the jury." This clearly shows that had the question merely involved a nonsuit the plaintiff's action would have been sustained. The judgment was reversed on other

grounds. In the further course of the opinion it was remarked: "There is no Pennsylvania case directly in point, but the weight of authority elsewhere seems to be that the employees of the railroad company must have had actual notice of the baggage being in the aisle, or that it must have remained there a sufficient length of time to affect them with constructive notice. This means that the baggage must have remained in the aisle so long as to have been discovered by the officers in charge of the train if they had properly performed their duties." In support of this, the case of Stimson v. Milwaukee R. Co., 75 Wis. 381 (44 N. W. 748), among others, is cited. None, however, except the Stimson case, was upon the question of nonsuit, and the facts of that case differed from those involved in the case now under consideration. There was no question of inability upon the part of the passenger to see the obstruction because of darkness in the car, or of permission by the carrier, arising from the prevailing custom of the passengers to place their baggage in the aisles, presented by the evidence. As will be seen in other divisions of the opinion, the plaintiff could not recover if his own negligence was the proximate cause of his injury, or it was by his consent, or, being due to the negligence of the defendant, the plaintiff could have avoided the consequences to himself by the exercise of ordinary care. But these matters of defense arose also on the facts; and generally they are for determination by the jury. The plaintiff knew of the custom to deposit hand-baggage in the aisles, but he testified that it was dark and he could not have seen such baggage by looking down the aisle, and did not know that any baggage obstructed the aisle until he came in contact with the parcel over which he stumbled. Circumstances of this character do not show, as a matter of law, the absence of ordinary care upon the part of the plaintiff to avoid the consequences of defendant's negligence, or that his injury was caused by his consent, or that his negligence was the proximate cause. The evidence did not authorize any finding that the injury was inflicted by consent of the plaintiff, but the negligence of plaintiff and the want of ordinary care upon his part to avoid the consequences of the defendant's negligence were for decision by the jury. It follows that there was no error in denying the motion for nonsuit.

3. One assignment of error complains of the omission of the

17

judge, without having been requested, to charge the principle of section 4426 of the Civil Code, declaring: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. But in other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." This provision embraces a doctrine of the common law (*Hill* v. *Callahan,* 82 *Ga.* 109, 8 S. E. 730), and its applicability to this case is due to the fact that it is the common law, rather than the fact that in Georgia, since the adoption of the code, it has the force of a statute. But under this rule of the common law the assignment of error upon the alleged omission to charge is without merit. In one portion of the charge the judge instructed the jury, "The law imposes upon the plaintiff the duty of exercising ordinary care to avoid being injured." In another he informed them that the plaintiff could not recover "if the plaintiff by the exercise of ordinary care could have avoided the injury." It thus appears that, in substance, so far as beneficial to the defendant, the judge charged the doctrine which it is insisted should have been charged. The charge harmonizes with the reasoning in *Macon &c. R. Co.* v. *Johnson,* 38 *Ga.* 409, where the common law was applied.

4. Another assignment of error complains of the omission of the judge to charge the principle of section 2781 of the Civil Code, which declares: "No person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of default attributable to him." The first part of this provision goes to the right of the plaintiff to recover at all, and prevents him from recovering if the injury was done by his consent or was caused by his negligence—that is, if his negligence was the proximate cause of the injury. This also is a doctrine of the common law. See *Macon &c. R. Co.* v. *Johnson,* supra, and *Macon &c. R. Co.* v. *Winn,* 19 *Ga.* 440, in which latter case there is elaborate discussion. The judge instructed the jury that "The plaintiff must recover, if at all, upon the specific acts of negligence set out in his petition; he can not recover upon any other act of negligence than those alleged to be.

the acts of negligence which caused his injury; and you will be confined in your investigation, in determining the acts of negligence, to those as laid in the petition." He also instructed them that the plaintiff could not recover if they should find that the "injury was not the direct, proximate result of the defendant's negligence." This plainly told the jury that a verdict for plaintiff could not be based on any other act than negligence of defendant causing the injury, and that the grounds of negligence would be limited to those alleged in the petition. Negligence of defendant as the proximate cause is the antithesis of negligence of the plaintiff or consent of the plaintiff to the injury. An intelligent jury would readily understand the above restriction to negligence of defendant, as a basis of recovery by plaintiff, to mean that the injury must not have resulted from plaintiff's consent or from his negligence. If further instruction on that point had been desired, an appropriate request should have been made. The latter part of the section deals with the subject of comparative negligence, which does not defeat, but merely affects the amount of the recovery. This much of the code is not from the common law, but is of statutory origin (*Macon &c. R. Co.* v. *Johnson,* supra) ; and as the case is to be considered under the common law, the judge properly omitted to charge on the subject of diminution of damages.

5. Error was also assigned upon the following charge, as being incomplete and misleading: "The plaintiff sues for pain and suffering, for doctor's bills, and for lost time. These are legitimate items of damages. If the plaintiff is entitled to recover at all, he would be entitled to recover for pain and suffering endured by reason of the injury." But this, in the light of the entire charge, affords no cause for the grant of a new trial.

6. The evidence authorized a finding for the plaintiff, and the amount found was not excessive.

*Judgment affirmed. All the Justices concur.*