## 13589.　DAVIS, agent, *v.* BELLAH.

BELL, J. 1. The evidence objected to having been provisionally admitted by the trial judge on the statement of counsel for the plaintiff that he would subsequently supply a defect in the preliminary proof, and no motion being thereafter made by counsel for the defendant to exclude it, the trial court did not err in refusing to grant a new trial on the ground that the evidence should have been excluded. *Hix v. Gulley*, 124 *Ga.* 547 (52 S. E. 890).

2. The first verdict for the plaintiff having been set aside by this court (*Hines v. Bellah*, 26 *Ga. App.* 361 (106 S. E. 559), for want of evidence to support it, there was upon the second trial such additional evidence that we cannot hold that the evidence in its entirety was insufficient as a matter of law to support the verdict. The jury having twice found in favor of the plaintiff, and the verdict having the approval of the trial judge and being supported by some evidence, though slight, the judgment of the trial court, overruling the defendant's motion for a new trial, must be affirmed.

*Judgment affirmed.　Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 11, 1923. REHEARING DENIED FEBRUARY 22, 1923.

Action for damages; from Henry superior court — Judge Searcy. April 15, 1922.

*Harris, Harris & Witman, Smith & Turner,* for plaintiff in error.

*Reagan & Reagan,* contra.

### ON MOTION FOR REHEARING.

BELL, J. The court did not overlook any of the matters referred to in the motion for rehearing. Neither did it consider of any value the indefinite evidence of the plaintiff, that, some time after the transaction, certain cinders were found upon the right of way in proximity to the place where the fire was claimed to have originated. Our affirmance was based upon an opinion that there was some evidence, which did not appear in the record of the former trial, to the effect that, notwithstanding it was undisputed that the defendant's engine was properly equipped with a proper spark-arrester in good condition, some sparks were emitted; and that although in this, under the circumstances, no negligence was present,

the inference, in view of the new evidence, was authorized that these sparks set out the fire. The additional evidence was from the engineer and Braswell, the former inspector, witnesses for the defendant. There was evidence on both trials authorizing the inference of negligence by the defendant in permitting combustible material to remain upon its right of way, where it was likely to become ignited from passing engines or otherwise. The new evidence, added to the evidence of the plaintiff, authorized an inference that such negligent accumulation was ignited by the sparks, though the latter in themselves were a non-negligent cause. Our former decision is the law of the case, of course, but the nature of the evidence upon the second trial does not bring the case now made within the limits of the former ruling.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*