### 22774. GREAT ATLANTIC & PACIFIC TEA COMPANY *v.* DeMORAN.

DECIDED APRIL 26, 1933.

*B. H. Burgess, Bryan, Middlebrooks & Carter, John A. Dunaway,* for plaintiff in error.

*John I. Kelley, Branch & Howard, Eugene L. Tiller,* contra.

SUTTON, J. Mrs. Annie DeMoran brought suit against the Great Atlantic & Pacific Tea Company for damages because of the alleged negligence of the defendant. She alleged: that she was a customer in one of the defendant's stores in Decatur, and while she was walking around in the store, in the act of making purchases, she stuck a large splinter or sliver through her shoe and into her right foot; that the splinter broke off and a portion of it, about an inch and a half to two inches long, was left in her foot; that first-aid treatment was given her in the store and a part of the splinter extracted; that

after she was carried home a physician was called, who extracted a part of the splinter, but was unable to get all of it out; and that at the time the suit was filed, some four months later, several pieces of the splinter remained in her foot. She further alleged that the splinter penetrated about two inches into her foot, causing it to swell, and this resulted in the impairment of the use of her foot; that she was confined to her home six or seven weeks by reason of the injury; that at this time she is unable to obtain the full use of her foot, due to semi-paralysis of the big toe and fourth toe and to the soreness of her foot; that this condition will continue for some time; and that by reason thereof she has suffered pain and will continue to suffer pain. She alleged that she was an invitee on the premises of the defendant, and that it owed her the duty of having its premises in a reasonably safe condition to prevent injury to her; that the defendant failed in this respect, in that it had allowed the floor of the premises to get in a state of disrepair, which was dangerous to persons transacting business with the defendant; that the defendant was negligent in permitting its floor to become so worn that sharp pieces of wood protruded longitudinally from the surface of the floor, so that persons walking along the floor in an ordinary and customary manner would likely step on such splinters and stick them in their feet; and that the defendant was negligent in that it failed to keep its premises in a reasonably safe condition and because it allowed the floor to get in such a bad state of disre- pair as to make it dangerous and unsafe for persons to walk thereon. Petitioner alleged that she used ordinary care in walking upon the floor in a customary manner, and that she did not see the danger- ous condition of the floor, and that there was nothing to attract her attention thereto. The defendant answered, denying the material allegations of the petition, except that it admitted that the plaintiff was a customer at the store on the date of the alleged injury. On the trial the plaintiff introduced evidence tending to establish the allegations of her petition. The defendant introduced no evidence save that of its physician, who examined the plaintiff after her al- leged injury, and who testified that her injury did not appear as hurtful and serious as claimed by her and as testified by her physi- cian. The jury returned a verdict in favor of the plaintiff for $1,000. The defendant moved for a new trial, the court overruled the motion, and the defendant excepted.

766

■ The defendant objected to certain testimony of the plaintiff, which the court admitted, and the defendant assigns error on this ruling. The plaintiff testified, as to the condition of the floor at the time of the alleged injury, that there were long "slivers" there, some of which were 18 inches long, but that the old floor was not there still, as a new floor had been put in. The defendant contends that the evidence as to the new floor being put in was inadmissible and irrelevant, and that a new trial should be granted because of its admission. This evidence was not admissible to show antecedent negligence on the part of the defendant, or as an admission of negligence on the occasion of plaintiff's injury (*L. & N. R. Co.* v. *Barnwell,* 131 *Ga.* 791 (63 S. E. 501) ; *Ga. S. &c. R. Co.* v. *Cartledge,* 116 *Ga.* 164 (42 S. E. 405, 59 L. R. A. 118), yet its admission was, as we view it, harmless, and does not, under the facts of this case, warrant this court in reversing the judgment of the court below denying the motion for a new trial. *Watkins* v. *Woodberry,* 24 *Ga. App.* 80 (2) (100 S. E. 34) ; *Southern Railway Co.* v. *Harper,* 32 *Ga. App.* 267 (123 S. E. 154). The plaintiff's testimony was to the effect that the floor was rough and worn, and that long slivers or splinters were in the floor in such a manner as to make it dangerous for people to walk upon. This evidence was in no way contradicted by the defendant, who offered no evidence save that of its doctor as to the extent of the plaintiff's injury. In view of this positive and uncontradicted evidence as to the condition of the floor at the time of the injury, the mere statement of the plaintiff that the old floor was not there still, but that a new floor had been put in, if inadmissible, was harmless error. The admission of this evidence could not have affected the verdict, in view of this uncontradicted evidence, and a new trial should not be granted because of its admission, even if error. *Purser* v. *McNair,* 153 *Ga.* 405 (112 S. E. 648).

■ The ruling stated in the second headnote does not require elaboration.

■ The defendant contends that the verdict of $1,000 in favor of the plaintiff was so excessive as to justify the inference of gross mistake or undue bias and prejudice. "A verdict of a jury can not be held to be excessive unless it be manifestly the result of prejudice or bias, or other corrupt motive." *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654 (7) (62 S. E. 130). The

defendant urges that as its physician, who examined the plaintiff in October or November after the injury in April, testified that there was only a small scar under the bottom of her big toe, that her foot was otherwise normal, that there was no stiffness, and that her foot was not properly treated at the outset to prevent infection, and that this was not contradicted, it tended, along with the evidence of the plaintiff that she was able to walk and could drive an automobile, to show that the verdict was the result of a gross mistake or undue bias. The fact that a verdict is large will not, if there is evidence to sustain it, prevent its approval by the trial judge, there being no error of law in the rulings of the court complained of. *Southern Railway Co. v. Brock,* 132 *Ga.* 858 (12) (64 S. E. 1083). The evidence showed that the plaintiff's physician had to make several incisions in her foot, that he did not get all of the splinter out, that some of it was still in her foot, that she suffered and would continue to suffer pain, that her big toe and the fourth toe were in a semiparalyzed condition at the time of the trial, that she had to keep her foot elevated for some time, and that she had to remain at her home for six or seven weeks. Under the facts of this case, this court will not set the verdict aside on the ground that it is excessive and the result of bias or prejudice.

█ The evidence authorized the verdict, and, none of the special grounds of the motion for new trial showing error, the court below properly overruled the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*