23004, 23017.  HART *v.* LIGHT, for use, etc.; and *vice versa.*

DECIDED MAY 29, 1933.

*Henderson L. Lanham,* for plaintiff in error.

*Maddox, Matthews & Owens,* contra.

SUTTON, J.  1.  This was an action in trover to recover possession of an automobile, and the evidence amply supported the verdict in favor of the plaintiff.  The jury were authorized to find that the plaintiff's automobile had been stolen in another State and brought to this State, where it was purchased by the defendant in good faith.  The contention of the defendant that it was not the automobile of the plaintiff was fully met by evidence that the automobile involved was the car stolen from the plaintiff.  The evidence showed that an automobile of the serial and motor number of this automobile was shipped to the assembly plant of the manufacturers in the other State, that the motor number of the automobile purchased by the defendant had been changed to a certain number, and that an automobile of this make, bearing this number, was shipped by the manufacturers to a dealer in Massachusetts, and was then in use in that State.  The evidence further showed that an automobile of the make of the one involved in this case had a secret motor number, stamped under its body, and that on removal of the body of this automobile it was found that the secret motor number was the same as the motor number of the automobile stolen from the plaintiff.

2.  On the trial of this trover action, where the plaintiff contended that his automobile had been stolen in another State and brought to this State and purchased by the defendant, and where the defendant contended that he purchased the automobile in good faith from a named party and that it was not the automobile of the plaintiff, and where, as stated by counsel for the defendant, the sole issue in the case was as to the identity of the automobile, it was not error, requiring the grant of a new trial, to permit witnesses

110

for the plaintiff to testify that such named party was at the time of the trial in a penitentiary in the other State, over the objection by the defendant that such testimony was immaterial and irrelevant. Moreover, the admission of this evidence in no way affected the verdict, the sole issue in the case being the identity of the automobile; and the admission of evidence merely immaterial and irrelevant, in such a case, will not authorize the setting aside of a verdict and the grant of a new trial. *Purser* v. *McNair*, 153 *Ga.* 405 (112 S. E. 648); *Great Atlantic & Pacific Tea Co.* v. *DeMoran*, 46 *Ga. App.* 764 (169 S. E. 247).

3. It follows that the court below properly overruled the defendant's motion for new trial.

4. As the judgment of the court below is affirmed, the questions raised by the cross-bill of exceptions are moot and need not be decided.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., and Stephens, J., concur.*