31261.  SOUTHERN RAILWAY COMPANY *v.* SKINNER.

DECIDED JUNE 13, 1946.  REHEARING DENIED JULY 5, 1946.

*D. S. Strickland, Matthews, Owens & Maddox,* for plaintiff in error.

*Robert B. Blackburn,* contra.

PARKER, J. ■ "All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Section 81-1302. The original petition showed a plaintiff and a defendant, and that the plaintiff was a passenger for hire on a train of the defendant, a public carrier of passengers, and was injured by the negligence of the defendant in failing to furnish and provide a safe place for the plaintiff to ride as a passenger on said train, and alleged that such negligence was the proximate cause of her injuries. We think that these allegations were sufficient to indicate and specify some particular fact or transaction as a cause of action, that they set out enough to amend by, that the amendment did not set up a new or different cause of action, and that the court was right in allowing the amendment over the objections of the defendant. We do not deem it necessary to say more on this point or to cite any of the many cases that could be cited construing the statutes relating to amendments.

■ Whether the court erred in overruling the demurrer to the petition as amended, presents a more difficult question. In so far as we have been able to determine, the precise point here involved has not been passed upon by the courts of this State. The rule of diligence required of public carriers for hire, including railroads, is this: "A carrier of passengers must exercise extraordinary diligence to protect the lives and persons of his passengers, but is

not liable for injuries to them after having used such diligence." Code, § 18-204. Extraordinary diligence is defined as follows: "In general, extraordinary diligence is that extreme care and caution which very prudent and thoughtful persons exercise under the same or similar circumstances." Section 105-202. In *Seaboard Air-Line Ry.* v. *Andrews*, 140 *Ga.* 254 (78 S. E. 925, Ann. Cas. 1914 D, 165), it appears that the plaintiff got on the train of the defendant about 3 o'clock in the afternoon and stumbled over a suitcase or other object in the aisle of the car, striking his side on the arm of the seat and thereby receiving certain injuries. The day was dark or cloudy, the car was not lighted, the train was under the car shed, there were furnaces near by, which produced large quantities of smoke in the vicinity, and other cars were standing nearby on a parallel track, and these conditions tended to darken the car which the plaintiff entered. He could not see or detect the obstruction in the aisle, and did not know of its presence until he came in contact with it. There was a general custom known to the plaintiff and the defendant for passengers to carry their hand baggage into the car and place it in the aisle opposite their seats, and other passengers had entered the car before the plaintiff, carrying hand baggage of the character mentioned. Under these facts, alleged and relied on for a recovery, it was held that the evidence authorized the finding for the plaintiff. It may be said that the recovery in that case was allowed because the employees of the railroad company knew of the darkened condition of the car, and of the custom of passengers to leave baggage in the aisle, and directed the passenger to enter the car under those conditions.

The principles of the *Andrews* case would seem to apply in this case. Here it appears that the plaintiff was conducted to the seat assigned to her by the porter, that the metal suitcase had been placed in the rack above the plaintiff's seat before she boarded the train, by someone unknown to her, that she did not know that the suitcase was in the rack over her seat, or that it had been loosely left on top of another piece of baggage; and it appears that the suitcase was in the rack from about 11 o'clock a.m., when the plaintiff boarded the train, until sometime in the early afternoon, during which time the agents and employees of the railroad had entered the coach and taken up the ticket of the plaintiff; and that the train had traveled from Atlanta to Douglas County before the suit-

case fell. The plaintiff was not required to do more than exercise ordinary care for her own safety, in boarding the train and occupying the seat assigned to her, and she had a right to rely on the duty upon the railroad of exercising extraordinary diligence in providing her with a safe place in which to ride. Her contention is that the defendant failed in this duty, and was negligent in furnishing her a seat immediately underneath a potential and probable danger of which she was not aware; and that the defendant was fairly and reasonably chargeable with notice or knowledge of the incident danger to the plaintiff, and should have removed the same or given her appropriate warning thereof. These contentions seem to us to be reasonable and logical and to impose no undue burden or hardship on the railroad company.

These views are sustained by some foreign cases. In Adams *v.* L. & N. R. Co., 134 Ky. 620 (121 S. W. 419, 135 Am. St. 425, 21 Ann. Cas. 321), it appears that a passenger boarded the defendant's train and was taken to a seat by the brakeman, and her ticket was taken by the conductor. After three or four stops the passenger was injured by the fall of a suitcase, belonging to another passenger, from the parcel rack above her head. She had not previously seen the suitcase. It was held by the Court of Appeals of Kentucky that whether the passenger was negligent in not observing the suitcase or in sitting under it without objection was for the jury, and that: "Where a passenger was injured by the fall of a suitcase from the parcel rack, where it had been placed by another passenger in such a position that the oscillation of the train was liable to cause it to fall as it did, and it had remained in the rack prior to the accident for a sufficient length of time to warrant a finding that the carrier's employees should have taken notice of its dangerous position, whether the carrier was negligent in not doing so and in failing to remove or secure it was for the jury." In Louisville & I. R. Co. *v.* Rommele, 152 Ky. 719 (154 S. W. 16, Ann. Cas. 1915 B, 267), the same Kentucky court made this ruling: "If the servants in charge of the car, or whose duty it is to look after the safety and comfort of passengers, see, or have opportunity in the performance of their duties to see, a package or bundle in a rack, and it is of such size or appearance, or is so placed in the rack as that a prudent person in the exercise of ordinary care might reasonably anticipate that the movement of

the car would cause it to fall out, it is the duty of the servants named to remove it from the rack or secure it in some way, and if they fail to do this, and a passenger is injured by the package falling from the rack, the carrier will be liable. But if a package or bundle placed in a rack is of a size and appearance suitable to be placed in the rack, and there is nothing in the manner in which it is placed in the rack to cause a prudent person exercising ordinary care to anticipate that it might fall out, the carrier will not be liable." The suitcase involved here was alleged to be very heavy, 20 or more inches in length, approximately 18 inches in width, and 10 inches or more in depth. We think that the size and character of the suitcase may have been such as to attract the attention of servants of the railroad in charge of the car, and that the size of the suitcase and its position in the rack may have been such as to cause a prudent person in the exercise of extraordinary care to anticipate that the movement of the train might cause it to fall from the rack. If such was the case, it was the duty of the servants of the company to remove the suitcase or make it more secure or to warn the passenger respecting it. The failure of the servants of the defendant to do either of these things presented a question of negligence, which should have been submitted to the jury. We think that the court correctly held, under the facts and circumstances alleged, that the petition as amended stated a cause of action, and that the demurrer was properly overruled. The cases cited by counsel for the railroad, holding that the liability on carriers of passengers is not that of an insurer, do not require a different ruling in the instant case. Our holding herein is not contrary to the principles announced in those authorities. The cases also cited by counsel for the defendant, dealing with the liability of railroad companies for injuries to passengers from stumbling or falling over baggage in the aisle, or from banana peelings on the floors of railroad coaches, are not applicable under the facts of this case.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*