## 37836. LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE *v.* LINGERFELT.

CARLISLE, Judge. This is a companion case to *Life & Casualty Ins. Co.* v. *Lingerfelt,* ante. The rulings in that case substantially dispose of all the questions raised by the demurrers and by the first three special grounds of the motion for a new trial in this case. While the two cases were tried separately and several weeks apart, the evidence in the two cases was, nevertheless, substantially the same. That case was an action on an accident policy, and the instant case was an action on the double indemnity for accidental death feature of a life insurance policy.

1. In the fourth and sixth special grounds of the motion, error is assigned on the admission in evidence of two statements made by the insured, the substance of which was that Gussie Mae Lee had cut or stabbed her. These statements were made to the witness who testified thereto within ten minutes of the act of stabbing, and were clearly a part of the transaction and thus were clearly within a well recognized exception to the hearsay rule. Code § 38-305. Furthermore, there was no contention by either the plaintiff or the defendant that the death of the insured resulted from anything other than wounds inflicted on her by Gussie Mae Lee. As a matter of fact, the defendant pleaded this as a fact in its answer, the only issue being as to the circumstances under which these wounds were inflicted. Under these facts, the admission of this testimony could not have been harmful to the defendant. *Battle* v. *Braswell,* 107 *Ga.* 128 (1) (32 S. E. 838).

2. In special ground 5 error is assigned on the admission in evidence of the following question and answer, "Q. Bill, did you know that Gussie Lee, after she got out of that car and went down there screaming, with a knife or some sharp instrument and kill somebody? A. No, I didn't," over the objection that there was no evidence that Gussie Mae Lee had a knife or that she was going to kill somebody or that she did kill anyone and that the question called for a conclusion. The admission of this evidence, if erroneous, was not harmful for the same reasons stated in the foregoing headnote.

3. The evidence authorized the verdict for the plaintiff and the trial court did not err in refusing to direct a verdict and in thereafter overruling the motion for a judgment n. o. v. and in overruling the general grounds of the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*